UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEFFREY PENNETT,

    Plaintiff,
vs.

FORTINET, INC.

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JEFFREY PENNETT, hereinafter referred to as "PLAINTIFF" by and through his undersigned attorneys, hereby sues the Defendant, FORTINET, INC. hereafter referred to as "DEFENDANT" and alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 because this civil action arises under the Constitution, laws, or treaties of the United States.

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division, in accordance with 28 U.S.C. § 1391(b) because Plaintiff resides in this Judicial District and because a substantial part of the events giving rise to this claim occurred in this Judicial District.

## PARTIES

3. Plaintiff is a resident of Hernando County, Florida.

4. Defendant is a foreign corporation, licensed and authorized to conduct business in the State of Florida and doing business within Hillsborough County.

1

## GENERAL ALLEGATIONS

5. At all times material, Defendant acted with malice and with reckless disregard for Plaintiff's Federal and State protected rights.

6. At all times material, Plaintiff was qualified to perform his job duties within the legitimate expectations of his employer.

7. Plaintiff has been required to retain the undersigned counsel to represent him in this action and is obligated to pay them a reasonable fee for their services.

8. Plaintiff requests a jury trial for all issues so triable.

9. Plaintiff is filing a Charge of Discrimination with the EEOC and Florida Commission on Human Relations and intends to amend this Complaint upon complying with the necessary administrative prerequisites.

## FACTS

10. Plaintiff was hired by respondent in October 2015, as a Cyber Security Engineer.

11. Plaintiff worked as a "sell with" engineer supporting respondent's customers Verizon and Orange (France Telecom).

12. In late 2018 and March 2019, Plaintiff was diagnosed with separate but related serious health conditions. From his initial diagnosis claimant had ongoing treatment regimens and regular doctor visits.

13. In February 2020, Plaintiff's direct manager gave him a favorable performance Review, the maximum discretionary pay increase, and discretionary stock options.

14. Due to his ongoing battle with his serious health condition and a necessary surgical procedure Plaintiff went to Human Resources and requested a Family Medical Leave.

15. The request was approved, and Plaintiff's leave was scheduled to begin April 1, 2020.

16. The day of his departure for his surgery and medical leave Plaintiff was presented with a performance improvement plan.

17. Plaintiff underwent his surgical procedure on April 26, 2020 and returned to work from his leave as scheduled on July 1, 2020.

18. Upon his return to work Plaintiff was again presented with a performance improvement plan and was told by his manager that he had changed the dates.

19. Plaintiff was also told by his manager "when you left on leave you went out with a blaze of glory and you burnt me bad". He further was told by his manager that he was being assigned to a new position as a "sell to" engineer (not a "sell with" position that he had worked the entirety of his employment prior to taking FMLA leave".

20. The performance improvement plan required Plaintiff to meet its goals in this entirely new and unfamiliar position.

21. Thereafter, Plaintiff's manager began retaliatory and harassing behavior.

22. Plaintiff raised his concerns about his manager's behavior with his vice president and human resources but received no response.

23. Thereafter on July 16, 2020, Plaintiff was terminated - three weeks prior to the achievement deadline stated in the PIP.

## COUNT I
## FAMILY MEDICAL LEAVE ACT – INTERFERENCE

24. Plaintiff realleges and adopts the allegations stated in Paragraphs 1 – 23.

25. Defendant's actions interfered with Plaintiff's lawful exercise of his FMLA rights.

26. Defendant's actions constitute violations of the FMLA.

27. As a result of Defendant's unlawful actions Plaintiff has suffered damages.

WHEREFORE, Plaintiff prays for judgment against Defendant for the following damages:

    a. Back pay and benefits;

    b. Interest;

    c. Liquidated damages;

    d. Attorney's fees and costs;

    e. Equitable relief;

    f. Such other relief as is permitted by law.

### COUNT II
### (FMLA DISCRIMINATION/RETALIATION)

28. Plaintiff realleges and adopts the allegations stated in Paragraphs 1 – 23.

29. Defendant retaliated against Plaintiff for asserting his FMLA rights.

30. Defendant's actions constitute violations of the FMLA.

31. As a result of Defendant's actions Plaintiff has suffered damages.

WHEREFORE, Plaintiff respectfully requests all legal and equitable relief allowed by law including judgment against Defendant for prejudgment interest, payment of reasonable attorneys' fees and costs incurred in the prosecution of the claim and such other relief as the Court may deem just and proper.

Dated this 25th day of September 2020.

                                  FLORIN GRAY BOUZAS OWENS, LLC

                                  /s/Wolfgang M. Florin
                                  Wolfgang M. Florin
                                  Florida Bar No. 907804

        wolfgang@fgbolaw.com
Christopher D. Gray
Florida Bar No.: 0902004
chris@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 254-5255
Facsimile (727) 483-7942
Attorneys for Plaintiff